**M. Lane POWERS, Plaintiff-Appellant,**

v.

**NASSAU DEVELOPMENT CORP., Houston Natural Gas Corp. and Thermal Resources, Inc., Defendants-Appellees.**

**No. 83–2690.**

United States Court of Appeals, Fifth Circuit.

March 26, 1985.

Jack D. Nolan, Houston, Tex., Yocel Alonso, Robert J. Vanderlyn, Bellaire, Tex., for plaintiff-appellant.

Jeffrey H. Hubbard, Houston, Tex., for Nassau Development.

Vinson & Elkins, Max Hendrick, III, Alison L. Smith, David M. Bond, Houston, Tex., Ann M. Ashton, Washington, D.C., for Houston Natural Gas.

Lionel M. Schooler, Houston, Tex., for Thermal Resources.

ON SUGGESTION FOR
REHEARING EN BANC

Before GARZA, RANDALL, and TATE, Circuit Judges.

PER CURIAM:

In their suggestions for rehearing, the defendants-appellees note, inter alia, that in

Part I of the panel opinion the statement that the anti-competition agreement was illegal "[w]ithout substantial dispute" is subject to the interpretation that the panel held that the agreement was an illegal tying arrangement as a matter of law. We did not intend to so hold. In the context of ruling on the propriety of summary judgment, our intent was to state only that, *for purposes of a motion for summary judgment,* disputed material issues of material fact (most favorably construed, as required, in favor of the motion's opponent) without substantial dispute permitted the inference of such illegality. The original panel opinion, 753 F.2d 457, is clarified to this extent. The panel does not find merit in the other contentions advanced in the suggestions for rehearing.

Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for Rehearing En Banc is DENIED.